Caldwell, J.
This is an action brought in the Court of Common Pleas to have a claim owned by Rebecca Smock against the estate of Charles Homan, deceased, allowed by the administrator John Bouse.
The case has been appealed from the Court of Common Pleas to this court.
The question occurred to me that the Supreme Court in passing upon one of the decisions of the Circuit Court in another circuit had established the doctrine, that this was not an appealable matter, the allowance of a claim; but upon careful examination I find that it must have been something else I was thinking about, for I cannot find any of the cases reported in the circuit court have been reversed by the Supreme Court.
There are three cases reported in the Circuit Court Reports — one in this circuit, one in the Cincinnati and one in the Columbus circuit. The one in this court if found in the Third Circuit Court Reports, page 433. The one in the Cincinnati court is in the Third Circuit Reports, page 446, and the one decided in the Columbus Circuit Court is in the Fourth Circuit Court Report, page 195. I was under the impression that the one from the Columbus court had gone to the Supreme court and had been reversed, but I cannot find it has been reversed, and I know therefore, of no ruling of the Supreme Court upon this question, and we follow the rulings of the Circuit Court, and say no more about that matter.
That brings us to the merits of the case. It seems that the claim made out in this case was based upon a promissory note which was attached to an affidavit by pinning it to same. Upon the back of the promissory note was a blank acknowledgment of the justness and allowance of the claim by the administrator, to be signed by him, and the *48 claim made out in that form was presented to the administrator by the husband of the plaintiff.
The administrator got some idea that if he signed that note he would be under obligation personally to make It good, and he told the husband, as related by the husband of the plaintiff, that if the widow’s allowance did not take all the estate, he would pay him the same that he did other creditors. It seems that the plaintiff’s attorney was not satisfied with that, and he went back in a few days. The administrator at the first presentation detached the note from the affidavit, by taking out the pin, and not caring for the responsibility of the note being left in his hands, he handed it back to the party who had presented it, and told him to keep it, and the administrator retained the affidavit.
In a few days thereafter the husband returned again, and insisted upon the administrator signing the blank place upon the back of the note as an allowance of the claim, and he still refused to do it; and then a demand was made for the affidavit that had been left there.
And the facts show he was willing to give it up, but the party concluded not to take it, and the husband of the plaintiff was then again assured that he would be paid the same as other creditors, but that the administrator would not sign the note.
Then the attorney of the plaintiff went toj’the administrator, who had however got it thoroughly in his head that if he signed that note he would be personally responsible, and he would not sign his name to the back of the note; but he assured the attorney that everything was all right. He took the attorney to the book where he had the accounts which he had allowed, and showed him that this account was put down with the rest; and not only that,but that he had filed a petition in the Probate Court of this county to sell lands belonging to the estate, and that in that petition he had included this account as one of the good accounts against the estate, but *49 he refused to sign his name on the back of the note. Thereupon this suit was brought to compel the administrator to allow this claim. The administrator answers that he had allowed it; that he had at all times, first, last and all times ■allowed the claim, but refused to put his name on the back of the note.
Now, to maintain this action any further after that ■answer is put in, it devolved upon the plaintiff to show that the allowance which was made by the administrator was not sufficient in law to compel the payment of this claim and to stop the statute of limitations from running.
If it was not an allowance, then this claim had to be sued within six months or it would be barred by the statute of limitations. If it was allowed sufficiently to stop the statute from running, then this is a good claim against that estate .so.'] far as the administrator could allow it. Now, the language of the statute is, section 6097: “If a claim against ■the estate of any deceased person be exhibited to the executor or administrator, before the estate is represented insolvent, and be disputed or rejected by him, and the same ■shall not have been referred, the claimant shall, within six months after such dispute or rejection, if the debt or any part thereof be then due, or within six months after some part thereof shall have become due, commence a suit for the recovery thereof, or be forever barred from maintaining ■any action thereon; and no action shall be maintained thereon after the said period, by any other person deriving title thereto from such claimant. A claim shall be deemed disputed or rejected, if the executor or administrator shall, on presentation of the vouchers thereof, refuse, on demand ■made for that purpose, to indorse thereon his allowance of the same as a valid claim against the estate.”
The next section is 6108 with reference to this: (When executor or administrator to be liable to the suit of a creditor of the deceased.) “No executor or administrator *50 shall be liable to the suit of a creditor of the deceased until after the expiration of eighteen months from the date of his administration bond or the further time allowed by the court for the collection of the assets of the estate; unless it bejfor the recovery of a demand that would not be affected by the insolvency of the estate; or unless it be brought after the estate has been represented insolvent for the purpose of ascertaining, a claim that is contested or unless the claim has been exhibited to the executor or administrator, and has|been disputed or rejected by him.” That section is clearly to the effect that if the claim is presented and is not disputed or rejected, then suit cannot be maintained upon it. Again in Section 6210 (when creditors may sue on administration bond): ‘ ‘After a creditor is entitled by law to the payment of his debt, from the executors or administrators, and the amount of the claim has either been admitted to be just and allowed by them, or has been ascertained by judgment £or award against them, or by an order of distribution, the bond given by them for the discharge of their trust may be put in suit by such creditor, if the executors or administrators shall neglect, upon demand made by such creditor, to pay such claim. ”
It becomes evident, then, from the reading of these sections that where a claim is presented and not disputed or rejected, that that is a sufficient allowance to allow a suit to be brought for the money, pro rate amount or the entire amount as the assets may prove, to be recovered against the estate, and also against the administrator.
The holding of the Supreme Court of Ohio, in the 39th Ohio'Státe, by Judge McIlvaine, page 112, amounts to the same thing, and in Bank vs. McIntire, 40 Ohio St. 528, it was held that where a National Bank was in fact organized as the successor of a State bank with the consent of more than two-thirds of the stockholders, it may hold it and own assets of its predecessor, although in form it was *51 •organized as a new bank, and the assets were transferred to it as if by sale and purchase.
After a mortgage creditor had, in two actions, obtained decrees for sales of the mortgaged premises, the judgment debtor died testate. The will gave power to the executor ■to sell land to pay debts. The holder of the decrees and the executor agreed that the latter might sell the mortgaged lands under said power — he promising to pay said decrees in full out of the proceeds, or out of other assets of the estate, as preferred claims. The executor sold the lands for more than was due under the decrees, but paid nothing on the decrees, paid out and distributed the entire estate to others, and died. In an action by the holder of said decrees against the executor’s estate held:—
First — Said agreement in effect “allowed” the decrees as valid against the estate of the mortgage debtor.
There may be something in the fact that the statute gives •a party a right to have his testimony in such form that it will be perpetuated, so that it may never be called in question; but we do not think that right should be carried to such extent that a party may come into court and say that his claim has not been allowed because it is not put in the ■exact form that may be prescribed that the party may have it put in. If the claim is allowed, and that appears clearly by record testimony such as is presented that this claim is one ■of the just claims against this estate as set up in the Probate Court in his petition to sell lands to pay dobts, and he presents that as one of the debts of the estate, it seems to me that that is record evidence of the allowance of that ■claim; that would be better for the party than to simply ■have the name of the administrator indorsed on the back of ■the promissory note. It is a record that cannot be lost very well, nor can it ever be changed. It is of a more permanent character than that of the indorsement of the note.
Now,the husband of this plaintiff knew that this claim *52 had been put in to the Probate^Court in the petition to seli land as one of the claims, as a good claim against this estate, by this administrator, and when he went to see him to get that indorsement on the note, the attorney knew the same-thing.
C. W. Johnson and J. H. Leonard, for plaintiff.
H. 6r. Reddington, for defendant.
Now, to stand upon a technical rule that they must have the very endorsement that the statute says a party may have, would be simply like a party bringing a suit for the protection of a right when he has got a better protection or just as good a protection as the suit would bring. And that being the case, we think this claim was clearly-allowed by this administrator before this suit was brought, and the parties knew that it was allowed, and we therefore hold that the plaintiff has no cause of action here against the defendant; that she asks for no right she had not already got. The petition will be dismissed, with costs.